[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application filed by Jason and Slauka Beaudreault, owners of property on Tyler Road, Windham, for the discharge of a mechanic's lien levied upon that property by R.S.T. Excavation, LLC, a subcontractor who performed work for the general contractor, Shelter Building, LLC, relating to the construction of a residence on the property. On September 22, 1997, the court conducted an evidentiary hearing pursuant to G.S. §§ 49-35a
and 49-35b.
Under those statutory provisions, the lienor must initially establish probable cause to sustain the validity of the mechanic's lien. If so sustained, the burden shifts to the applicant to prove, by clear and convincing evidence, that the lien is invalid or excessive. The court finds that the applicants have met this burden.
Two principals of the general contractor, Everett Hyde and Daniel Haeseler, testified that they were present at the construction site nearly daily during construction and the preparation preceding construction. They further testified that the lienor last worked at the site in late January 1997 or at the latest February 5, 1997. The court finds this testimony credible. CT Page 8683
A comparison of photographs of the construction site taken on February 5, 1997, and March 12, 1997, reveals that no excavation work, which the lienor claims to have done, occurred between these dates supporting the testimony of these two witnesses. Furthermore, the lienor's own invoices, dated January 24, 1997, and February 18, 1997, show only finance charges for work done before December 31, 1996, and lack reference to charges for new work done during the period in question. The lienor's invoice, dated March 3, 1997, does contain charges for extras but fails to relate those charges to work done on any particular date. The principal of the lienor, Richard Gwiazdowski, conceded that the invoices may reflect charges for work done as much as one month before the date of the invoice.
The combination of the testimony of Hyde and Haeseler, the photographic evidence, and the lienor's own invoices clearly convinces the court that the work which is the basis of the lien last occurred before February 5, 1997, which was more than ninety days before recordation with the Windham town clerk on May 16, 1997. Under G.S. § 49-34(1) no mechanic's lien is valid unless recorded in the town clerk's office within ninety days of cessation of work at the property by the party seeking the lien. Consequently, the applicants have met their burden of demonstrating the invalidity of the mechanic's lien by clear and convincing evidence. Under § 49-35b(B), the lien is ordered discharged.
Sferrazza, J.